[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 95-2060

 NIMIA M. RAMOS,

 Plaintiff, Appellant,

 v.

 MANUEL LUJAN, II, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Justo Arenas, U.S. Magistrate Judge]

 

 Before

 Selya, Circuit Judge,
 Cyr, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 

Nimia M. Ramos Beauchamp on brief pro se.
Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del
Rio, Assistant United States Attorney, on brief for appellees.

 

 July 16, 1997
 

 Per Curiam. Appellant Ramos-Beauchamp ("Ramos")

brought this suit against various officials of her former

employer,  the  Department  of the Interior, National Park Service

(collectively "DOI"), alleging discrimination on the basis of

her  gender  and ethnicity (Hispanic). Ramos claimed that while

she was employed as a park ranger, she was subjected to a

discriminator ily hostile work environment, disparate treatment

in  the  assignment of equipment, training, responsibilities and

discipline; and a retaliatory constructive discharge. Ramos

initially  submitted  her  complaints to the DOI's office of equal

opportunity  ("OEO"). The OEO found no support for most of the

charges, but did find disparate treatment in (1) a thirty-day

disciplinary  suspension of Ramos's law enforcement commission,

and  (2)  the  provision of certain equipment. The DOI undertook

remedial action; Ramos proceeded to district court. 

 Following a five-day bench trial, which was held by

consent  of  the parties before a magistrate judge, judgment was

entered for the defendant on all claims. The court's factual

findings and legal conclusions are set forth in a 26-page

opinion.

 Ramos  timely  appealed, but failed to provide a trial

transcript. Unable thus to review the issues, including an

evidentiary question which initially appeared substantial, we

directed Ramos to provide the transcript or face dismissal.

Citing a change in her financial circumstances, she

 -2-

successfully sought an extension of time, and obtained

permission  from  the  district court to proceed in forma pauperis

with  production  of  the  transcript at government expense. After

further delays, the transcript was transmitted to this court.

 Ramos assigns as error the court's exclusion from

evidence of an "administrative deposition" given by another

Hispanic female park ranger, Mirta Maltes. The excluded

"deposition," or sworn statement, was taken in a one-on-one

question  and  answer  session conducted by the DOI's internal OEO

investigator. 

 Exclusion of this evidence, Ramos contends, was

contrary to the parties' "binding" joint pretrial memorandum,

as incorporated into the court's final case management order.

The final order twice referenced Maltes's statement. Maltes

was listed, first, as a witness for Ramos "by deposition." 

Maltes's "sworn statement" also was listed as a DOI exhibit

which, by the terms of the order, was "received in evidence."

 Nonetheless, at trial the DOI objected when Ramos

proffered  the  Maltes  statement during her case in chief. After

some wrangling, the statement was excluded from evidence

because, the magistrate held, it was hearsay and inadmissible

under any exception to the hearsay rule, including the open-

ended exception in Fed. R. Evid. 804(b)(5).

 We need not definitively resolve the evidentiary

question, however, since a close reading of the record shows

 -3-

that regardless of whether the statement was properly

admissible  or  inadmissible, its exclusion did not prejudicially

affect Ramos's "substantial rights," or the outcome of the

trial. Lubanski v. Coleco Industries, Inc., 929 F.2d 42, 45

(1st Cir. 1991); see also United States v. Legarda, 17 F.3d

496, 498 (1st Cir.) (holding that an erroneous exclusion of

evidence requires reversal only if it has a "substantial and

injurious effect or influence" on the verdict), cert. denied,

513 U.S. 820 (1994). 

 The primary value of Maltes's statement was that it

corroborated Ramos's allegations of disparities in the

assignment of equipment, training, and responsibilities. The

very same facts, however, were placed in evidence by Ramos's

testimony.   Moreover, the disparities were not challenged, but

were conceded by the DOI's witnesses. The DOI's witnesses

explained the uneven assignments as due to non-discriminatory

factors. Their explanations were accepted as credible by the

magistrate.   Thus,  the  outcome of the trial on these claims was

not affected by the exclusion of Maltes's statement,

encompassing as it did little more than conceded facts. 

 As to Ramos's other claims, Maltes's statement

contained no substantial supporting proof. Maltes swore that

she had no personal knowledge of the facts surrounding the

disciplinary  suspension of Ramos's law enforcement commission.

The statement offered only one marginal fact in corroboration

 -4-

of Ramos's retaliation claim (that Ramos had presented a

doctor's  note  to  excuse  an absence).1 And Maltes flatly denied

knowledge of any disparities in overtime pay and shift

assignments. Finally, while Maltes's statement conclusorily

characterized the atmosphere at work as "male chauvinist," she

also denied suffering any employment disadvantage due to her

gender,  thus  providing no factual support for Ramos's claim of

a discriminatorily hostile work environment. 

 Ramos's  other assignments of error, as we understand

them,2 fare no better. We apprehend no error in the standard

used by the court to assess the claim of "abusive working

environment;" perceive no prejudice in the court's alleged

misstatement  of  Maltes's  employment title; find no abuse in the

court's  evaluation of the credibility of the witnesses; and no

basis for the argument that the court denied a "release of

pertinent information in agency files." To the extent that

Ramos  means  to  challenge  the weight of the evidence, we observe

 1The statement recites Maltes's "belief" that Ramos had
encountered retaliation, but there is no recitation of a
factual basis for the "belief." And, although Maltes stated
that she, too, feared retaliation, the only reason suggested
for her fear is that on one occasion she felt threatened by a
supervisor's "personal" animosity toward her. 

 2Although the transcript has been available for several
months, Ramos has not moved to supplement her brief with
record references. 

 -5-

that this was not a "close" case. There is ample record

evidence to support the court's factual findings.

 Affirmed.

 -6-